UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ALVIN KEENE, as President of )<br>Information Management Institute, )<br>)<br>Respondent ) | 1:16-mc-00299-JAW |

**RECOMMENDED DECISION ON
MOTION TO ENFORCE IRS SUMMONS**

The United States of America (Petitioner) filed a Petition to Enforce Internal Revenue Service Summons on November 18, 2016. (ECF No. 1.)  The Court issued an order to show cause on November 21, 2016, directing that Alvin Keene, as President of Information Management Institute (Respondent), appear before the United States District Court for the District of Maine for hearing on January 4, 2017, to show cause why he should not be compelled to obey the summons.[1]

Upon Petitioner's Motion to reschedule the show cause hearing (ECF No. 5), the Court rescheduled the hearing to March 9, 2017.  (ECF No. 6.)  Respondent appeared on March 9, and the parties agreed to continue the hearing to afford Respondent additional time to produce the documents requested through the Internal Revenue Service Summons that is the subject of this action.  The Court rescheduled the show cause hearing to April 3,

---

[1] This Court's jurisdiction is based on 26 U.S.C. §§ 7402(b) and 7604.  Respondent resides in Carrabassett Valley, Maine.

2017, at 11:00 a.m. (ECF No. 12.) Respondent failed to appear on April 3, and failed to file any response to the show cause order.[2] The matter is before the Court on Petitioner's April 3, 2017, Motion for Report and Recommendation Enforcing IRS Summons (ECF No. 14).

I grant the motion for the issuance a report and recommendation. (ECF No. 14.) In addition, based on Petitioner's showing in support of its petition and Respondent's failure to appear and show cause why an order should not issue, I recommend[3] the Court find that Respondent has failed to comply with the Court's show cause order (ECF No. 12), and grant the Petition to enforce the Internal Revenue Summons. (ECF No. 1.)

## Background

The petition is supported by the Declaration of Revenue Officer Todd N. Greeley (ECF No. 1-2), who declares under penalty of perjury that Petitioner does not have the summoned books, papers, records or other data, that all necessary administrative steps including service of the summons have been taken, and that the summoned materials and Respondent's testimony are necessary to complete a Collection Information Statement regarding Respondent's federal tax liability.

---

[2] Counsel for Petitioner represented to the Court that Respondent called the Internal Revenue Service on the morning of the hearing to advise that he was ill and could not attend the hearing. Respondent did not contact the court or otherwise move to continue the hearing.

[3] An order enforcing an IRS summons is a dispositive remedy requiring de novo review by an Article III judge. *United States v. Corriveau*, No. 2:09-mc-127-GZS, 2009 WL 3049791, at *3 n.2 (D. Me. July 30, 2009) (recommended decision, adopted Aug. 21, 2009). *See also United States v. Bell*, 57 F. Supp. 2d 898, 900 (N.D. Cal. 1999).

## Discussion

In order to obtain enforcement related to the administrative summons, Petitioner must demonstrate:

> That the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed—in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*United States v. Powell,* 379 U.S. 48, 57 – 58 (1964). *See also Copp v. United States*, 968 F.2d 1435, 1437 (1st Cir. 1992). As part of establishing a legitimate purpose, Petitioner must also demonstrate that no criminal investigation is pending. *Copp*, 968 F.2d at 1436 – 1437; 26 U.S.C. § 7602(d).

Based on the representations set forth in the petition and Mr. Greeley's declaration, including the attachments thereto, Petitioner demonstrated, at least preliminarily, that the documents are requested for a legitimate purpose. Because Petitioner satisfied this preliminary burden, Respondent was ordered to show cause why he should not be required to comply with the summons. Because Respondent failed to appear or otherwise respond to the show cause order, Respondent has failed to demonstrate any basis to question the propriety of the summons, or to otherwise resist the summons. Given his failure to respond, Respondent has failed to satisfy his burden on the order to show cause and an order requiring Respondent to comply with the summons is appropriate. *See United States v. Kis,* 658 F.2d 526, 538 (7th Cir. 1981).

## Conclusion

Based on Petitioner's showing in support of its petition and Respondent's failure to satisfy his burden on the order to show cause, I recommend the Court (1) find that Petitioner has complied with all statutory requirements necessary to support the administrative summons and that Respondent has failed to comply with the same, (2) find that Respondent has failed to comply with the Court's show cause order (ECF No. 12), (3) grant the Petition to Enforce (ECF No. 1), (4) order Respondent, with respect to the relevant summons tax periods, to produce the requested documents (i.e., the documents described in the summons) to the Internal Revenue Service, Revenue Officer Todd N. Greeley, or any other officer of the Internal Revenue Service at the office of the Internal Revenue Service, Edmund Muskie Federal Building, 68 Sewall Street, Room 311, Augusta, Maine, within seven days of the Court's order, and (4) advise Respondent that failure to comply with the Court's order within the deadline set in the Court's order could result in a finding that Respondent is in contempt of Court.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated this 5th day of April, 2017.

/s/ John C. Nivison
U.S. Magistrate Judge